***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the brief before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Special Deputy Commissioner Taylor with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. Defendant filed a Motion to Dismiss plaintiff's claim for, among other reasons, lack of subject matter jurisdiction as plaintiff's alleged injury occurred while at work with defendant.
2. A hearing on defendant's Motion to Dismiss was held on September 16, 2008.
3. On July 9, 2008, plaintiff filed a Form T-1, Tort Claim Affidavit with the Industrial Commission alleging that on or about May 9, 2008 he was injured while working for defendant. Specifically, plaintiff alleges that he sustained fractures, contusions and other physical injuries arising from an incident arising from a workplace disagreement.
4. At the motions hearing before the Special Deputy Commissioner, plaintiff further clarified the incident alleged in his affidavit. While plaintiff was working, staff directed plaintiff to pick up cleaning supplies. Plaintiff alleges that when he went into a cell block unattended by a guard, another inmate assaulted plaintiff allegedly because of a disagreement concerning cleaning supplies.
5. Plaintiff alleges that he was inadequately supervised by defendant because they did not escort plaintiff inside the housing blocks while he was working, even after defendant was made aware that another inmate was upset at plaintiff.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
Workers' Compensation, not a tort action, is the exclusive remedy for prisoners injured while working as an employee for the State of North Carolina. N.C. Gen. Stat. § 97-10.1; Richardson v. N.C. Dept. ofCorrection, 345 N.C. 128, 478 S.E.2d 501 (1996). *Page 3 
As plaintiff was injured by accident arising out of an in the course of his employment with defendant, his cause of action for the injury, filed as a tort claim against the State of North Carolina, must be dismissed. N.C. Gen. Stat. § 143-291, et seq.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
Plaintiff's claim brought under the Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 25th day of March, 2009.
 S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ STACI T. MEYER COMMISSIONER *Page 1